# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARK D. GARNETT<br>691 Noble Avenue<br>Akron, Ohio 44320 | CASE NO.:<br><br>JUDGE |
| Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| AKRON CITY SCHOOL DISTRICT<br>BOARD OF EDUCATION<br>c/o Patrick Bravo, Board President<br>10 N. Main Street<br>Akron, Ohio 44308 | **(Jury Demand Endorsed Herein)** |
| and | |
| TARA BRUCE<br>(Official Capacity and Individual Capacity)<br>10 N. Main Street<br>Akron, Ohio 44308 | |
| and | |
| LESTER NASH<br>(Official Capacity and Individual Capacity)<br>10 N. Main Street<br>Akron, Ohio 44308 | |
| and | |
| NICHOLAS AKE<br>(Official Capacity and Individual Capacity)<br>10 N. Main Street<br>Akron, Ohio 44308 | |
| and | |

| | |
|---|---|
| JOHN DOE | ) |
| (Official Capacity and Individual | ) |
| Capacity) | ) |
| 10 N. Main Street | ) |
| Akron, Ohio 44308 | ) |
| | ) |
| Defendants. | ) |

Now comes Mark D. Garnett ("Plaintiff"), by and through the undersigned counsel, and for his Complaint alleges as follows:

## INTRODUCTION

1. This is a Complaint alleging Equal Protection violations under 42 U.S.C. § 1983, age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), and disability discrimination in violation of Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA").

2. This Complaint further alleges retaliation in violation of the ADEA and ADA.

3. Plaintiff further requests a name-clearing hearing.

## JURISDICTION AND VENUE

4. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

5. This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Constitution of the United States of America, as well as 28 U.S.C.§ 1331, §1343 and §1367 as one of more of the claims arise "under the Constitution, laws, or treaties of the United States."

6. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division. This

lawsuit is being filed in the Eastern Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred in Summit County, which is within the Eastern Division.

7. Plaintiff received his Right to Sue Letter on September 23, 2019. (Exhibit 1 - incorporated by reference as if fully rewritten herein).

## PARTIES

8. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

9. Plaintiff Mark D. Garnett was born April 24, 1961 and has a disability recognized by the School Employees Retirement System of Ohio and the Americans with Disabilities Act in that his combined disability limits his life activities of which he needs accommodations.

10. Defendant Akron City School District Board of Education, also known as Akron Public Schools ("APS"), is charged with the responsibility of educating public school-aged children and hiring staff to accomplish this mission. Defendant APS, through its President, is the governing body of the Akron City School District and a political subdivision organized under the laws of the State of Ohio with its principal place of business located at 10 N. Main Street, Akron, Ohio 44308. The Board is an entity operating under the laws of the State of Ohio and is authorized to sue and be sued as an entity for its acts and those of its agents and employees.

11. Defendant Tara Bruce ("Bruce") is Principal at Crouse Learning Center and was the indirect supervisor of Plaintiff Mark D. Garnett. Bruce is being sued in her individual and official capacity based upon the purposeful and intentional acts she committed against Plaintiff.

12. Defendant Lester Nash ("Nash") is Supervisor of Custodial Services for the APS. As such, he was the direct supervisor of Plaintiff Garnett. Nash is being sued in his individual and official capacity.

13. Defendant Nicholas Ake ("Ake") is assistant custodian for Crouse Learning Center. Ake is being sued in his individual and official capacity.

14. Defendant John Doe has not yet been identified, but is to be identified through discovery. Defendant John Doe is being sued in his individual and official capacity.

## STATEMENT OF FACTS

15. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

16. Plaintiff states he worked for APS commencing March 2002.

17. Plaintiff states he performed his duties in an exemplary fashion.

18. Plaintiff was hired as a Custodian and rose through the ranks to become Head Custodian of Crouse Learning Center.

19. Plaintiff, over the years, was subjected to numerous discriminatory acts.

20. Plaintiff filed his first discrimination Complaint on October 3, 2002. (See Exhibit 2.)

21. Defendant APS was forced to settle with Plaintiff, but since the filing of the original complaint have actively retaliated against Plaintiff.

22. Plaintiff was forced to file a second charge of discrimination on August 18, 2017. (See Exhibit 3.)

23. Plaintiff states the Defendants jointly retaliated against Plaintiff by giving him unfair assignments with little or no support.

24. Defendant Bruce constantly belittled Plaintiff because of his age and disability and refused to provide adequate accommodations for Plaintiff.

25. Plaintiff was forced to file a third action of discrimination based upon age and disability and retaliation on July 2, 2019. (See Exhibit 4.)

26. Plaintiff was forced to take medical leave because of Defendants' refusal to provide adequate accommodations for his disability.

27. While the Plaintiff was out on disability, Defendants conspired against its own policy to remove Plaintiff's equipment from the building.

28. Defendants cut off the locks off of Plaintiff's locker and stole all of his equipment, all in retaliation against Plaintiff filing discrimination complaints.

29. Given the discriminatory atmosphere, Plaintiff's health further deteriorated and Plaintiff was forced to take disability retirement in November 2018. Plaintiff has now received a Right to Sue Letter on or about September 23, 2019 attached as Exhibit 1.

## FIRST CAUSE OF ACTION
### (Retaliation under 42 U.S.C. § 1983, ADEA, and ADA)

30. Plaintiff incorporates by reference the allegations set forth above as if fully rewritten herein.

31. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983, Title I of the Americans with Disabilities Act of 1990, as amended, and the Age Discrimination Employment Act of 1967, as amended.

32. Plaintiff brings this claim against the Board and all Defendants in their official capacities only.

33. Plaintiff engaged in an activity protected by 42 U.S.C. § 1983, Title I of the Americans with Disabilities Act of 1990, as amended, and the Age Discrimination Employment Act of 1967, as amended. For example, Plaintiff specifically made complaints to the Ohio Civil Rights

Commission about the discrimination.

34. The Board knew about Plaintiff's exercise of civil rights.

35. The combined actions of the Defendants in retaliating against the Plaintiff for filing his discrimination complaints is clearly in violation of 42 U.S.C. § 1983, Title I of the Americans with Disabilities Act of 1990, as amended, and the Age Discrimination Employment Act of 1967, as amended.

36. Defendants took adverse employment actions against Plaintiff. For instance, Defendants constantly made age related comments to Plaintiff. Further, in August 2018, while on leave, locks were cut off Plaintiff's lockers, his belongings were stolen and he was told to turn in his keys. In November 2018, Plaintiff was forced to retire.

37. There is a causal connection between the protected activity and the adverse employment actions.

38. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(Equal Protection Violations)**

39. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

40. Plaintiff brings this claim pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

41. Plaintiff brings this claim against all Defendants.

42. Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

43. Defendants are not entitled to qualified immunity as the Complaint states a constitutional right, which was clearly established at the time of Defendants' misconduct.

44. Defendants are the final policy-makers for purposes of 42 U.S.C. § 1983 liability.

45. Defendants acted under color of law to deprive Plaintiff of his right to be free from age and disability discrimination and retaliation in violation of the Equal Protection Clause of the Fourteenth Amendment.

46. Plaintiff is a member of a statutorily-protected class as he is disabled and over 40 years of age.

47. Defendants subjected Plaintiff to adverse employment actions with a discriminatory intent and purpose.

48. Plaintiff is qualified for all applicable positions referenced herein, with or without a reasonable accommodation.

49. Defendants treated Plaintiff differently than other non-protected employees for engaging in the same or similar conduct.

50. Defendants approved, ratified, or otherwise caused the deprivation of Plaintiff's right to be free from age and disability discrimination and retaliation.

51. The deprivation of Plaintiff's right to be free from age and disability discrimination and retaliation resulted from a policy, custom, and practice of the Board and/or the District.

52. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory damages of $1,000,000.00, punitive damages of $500,000.00, appropriate equitable relief, reinstatement, attorney fees, costs, and any other legal relief as this Court deems fair and equitable.

## THIRD CAUSE OF ACTION
### (Due Process Violations)

53. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

54. Plaintiff brings this claim pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourteenth Amendment to the United States Constitution.

55. Plaintiff brings this claim against all Defendants.

56. Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

57. Defendants are not entitled to qualified immunity as the Complaint states a constitutional right, which was clearly established at the time of Defendants' misconduct.

58. Defendants are the final policy-makers for purposes of 42 U.S.C. § 1983 liability.

59. Plaintiff has a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution ("Due Process Clause").

60. Plaintiff's legitimate claims of entitlement to his property and benefits are manifested through the District's bylaws, policies, guidelines, rules, and regulations.

61. Defendants acted under color of law to deprive Plaintiff of his protected property interests under the Due Process Clause.

62. Plaintiff was not afforded adequate procedural rights prior to the deprivation of his protected interests.

63. The deprivation of these protected interests violates Constitutional notions of due process.

64. Defendants approved, ratified, or otherwise caused the deprivation of Plaintiff's privileged property interests.

65. The deprivation of Plaintiff's protected property interests resulted from a policy and practice of the Board and the District.

66. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory damages of $1,000,000.00, punitive damages of $500,000.00, appropriate equitable relief, reinstatement, attorney fees, costs, and any other relief as this Court deems fair and equitable.

### FOURTH CAUSE OF ACTION
### (Disability Discrimination Under ADA)

67. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

68. Plaintiff brings this action under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*

69. Plaintiff brings this claim against the Board and all Defendants in their official capacities only.

70. Plaintiff was an employee of APS.

71. Plaintiff is a qualified individual with a disability and Defendants regarded him as having a disability, as defined by 29 U.S.C. § 705(9) and 42 U.S.C. § 12102(1).

72. Plaintiff's disability affects the major life activities of performing manual tasks, walking, standing, lifting, bending, and working as defined by 29 U.S.C. § 705(20)(B) and 42 U.S.C. § 12102(2).

73. Plaintiff is qualified for his job, with or without a reasonable accommodation.

74. Defendants subjected Plaintiff to adverse employment actions (i.e. Defendants constantly made age related comments to Plaintiff. Further, while on leave, locks were cut off Plaintiff's lockers, his belongings were stolen and he was told to turn in his keys. Plaintiff was forced to retire.)

75. Defendants knew or had reason to know of the disability or "regarded as" disability at the time of the adverse employment actions.

76. Plaintiff suffered these adverse employment decisions under circumstances giving rise to an inference of unlawful discrimination.

77. Defendants unlawfully discriminated against Plaintiff because of his disabilities when they treated Plaintiff differently than employees without disabilities when Defendants constantly made age related comments to Plaintiff. Further, in August 2018, while on leave, locks were cut off Plaintiff's lockers, his belongings were stolen and he was told to turn in his keys. In November 2018, Plaintiff was forced to retire.

78. The above-noted harassment was based on Plaintiff's statutorily protected class (i.e. disability).

79. The above-noted harassment affected a term or condition of Plaintiff's employment and had the purpose of unreasonably interfering with Plaintiff's work environment and creating an intimidating, hostile, or offensive work environment.

80. Defendant's conduct was intentional, willful, and taken in reckless disregard of Plaintiff's rights.

81. Defendants' actions were both severe and pervasive.

82. Defendants' stated and forthcoming reasons are false and are pretext for unlawful discrimination.

83. Plaintiff has suffered damages, including emotional distress, pain and suffering, as a result of Defendants' unlawful acts.

84. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief

as this Honorable Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Age Discrimination Under ADEA)

85. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

86. Plaintiff brings this claim pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

87. Plaintiff brings this claim against the Board and all Defendants in their official capacities only.

88. Plaintiff is a member of the statutorily-protected class as he was at least forty years old at the time of the alleged discrimination.

89. Plaintiff was an employee of APS.

90. Defendants subjected Plaintiff to adverse employment actions and a hostile work environment (i.e. Defendants constantly made age related comments to Plaintiff. Further, while on leave, locks were cut off Plaintiff's lockers, his belongings were stolen and he was told to turn in his keys. Plaintiff was forced to retire.)

91. Defendants discriminated against Plaintiff by forcing him to retire.

92. Plaintiff is qualified for his job.

93. The above-noted harassment was based on Plaintiff's statutorily protected class (i.e. over 40 years of age).

94. The above-noted harassment affected a term or condition of Plaintiff's employment and had the purpose of unreasonably interfering with Plaintiff's work environment and creating an intimidating, hostile, or offensive work environment.

95. Defendant's conduct was intentional, willful, and taken in reckless disregard of Plaintiff's rights.

96. Defendants' actions were both severe and pervasive.

97. Defendant discriminated against Plaintiff because of his age.

98. Defendant's stated and forthcoming reasons are false and are pretext for unlawful discrimination.

99. Plaintiff has suffered damages, including emotional distress, pain and suffering, as a result of Defendants' unlawful acts.

100. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

**SIXTH CAUSE OF ACTION**
**(Retaliation Under R.C. 4112)**

101. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

102. Plaintiff brings this claim pursuant OHIO REV. CODE §§ 4112.02, 4112.14 and/or 4112.99.

103. OHIO REV. CODE § 4112.02(J) makes in unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

104. OHIO REV. CODE § 4112.02(A) makes in unlawful "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

105. OHIO REV. CODE § 4112.14(A) makes it unlawful for any "employer to discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

106. Plaintiff brings this claim against all Defendants.

107. Plaintiff engaged in a protected activity under R.C. CHAPTER 4112 by opposing an unlawful discriminatory practice.

108. Plaintiff also made a charge, testified, assisted, and/or participated in any manner, in an investigation, proceeding or hearing under OHIO REV. CODE §§ 4112.02 through 4112.07.

109. Ohio law provides in order to establish a prima facie case of retaliation, a plaintiff must show (1) that he was engaged in protected activity, (2) his exercise of protected rights was known to the defendant, (3) the defendant took an adverse employment action against him or he was subjected to severe or pervasive retaliatory harassment by a supervisor, and (4) a causal connection between the protected activity and the adverse employment action or harassment. *Rice v. Cuyahoga County Department of Justice*, 970 N.E.2d 470 (2005).

110. Defendants knew about Plaintiff's opposition and/or charges made to the Ohio Civil Rights Commission.

111. Defendants took adverse employment actions against Plaintiff when they constantly made age related comments to Plaintiff. Further, in August 2018, while on leave, locks were cut off Plaintiff's lockers, his belongings were stolen and he was told to turn in his keys. In November 2018, Plaintiff was forced to retire.

112. A causal link exists between the protected activity and the adverse employment actions.

113. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

### SEVENTH CAUSE OF ACTION
### (Disability Discrimination Under R.C. 4112)

114. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

115. Plaintiff brings this claim under OHIO REV. CODE §§ 4112.02 and/or 4112.99.

116. OHIO REV. CODE § 4112.02(J) makes in unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

117. OHIO REV. CODE § 4112.02(A) makes in unlawful "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or

any matter directly or indirectly related to employment."

118. Plaintiff brings this claim against all Defendants.

119. Plaintiff is a qualified individual with a disability under R.C. CHAPTER 4112 and Defendants regarded him as having a disability.

120. Plaintiff is qualified for all applicable positions referenced herein, with or without a reasonable accommodation.

121. Defendants subjected Plaintiff to adverse employment actions (i.e. Defendants constantly made age related comments to Plaintiff. Further, while on leave, locks were cut off Plaintiff's lockers, his belongings were stolen and he was told to turn in his keys. Plaintiff was forced to retire.)

122. Defendants knew or had reason to know of the disability or "regarded as" disability at the time of the adverse employment action.

123. Plaintiff suffered these adverse employment actions under circumstances giving rise to an inference of unlawful discrimination.

124. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

### EIGHTH CAUSE OF ACTION
### (Disability Discrimination Under R.C. 4112)

125. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

126. Plaintiff brings this claim pursuant to OHIO REV. CODE §§ 4112.02, 4112.14 and/or

4112.99.

127. Plaintiff brings this claim against all Defendants.

128. OHIO REV. CODE § 4112.02(A) makes in unlawful "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

129. OHIO REV. CODE § 4112.14(A) makes it unlawful for any "employer to discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

130. Plaintiff is a member of the statutorily-protected class as he was at least forty years old at the time of the alleged discrimination.

131. Defendants subjected Plaintiff to adverse employment actions (i.e. Defendants constantly made age related comments to Plaintiff. Further, while on leave, locks were cut off Plaintiff's lockers, his belongings were stolen and he was told to turn in his keys. Plaintiff was forced to retire.)

132. Defendants discriminated against Plaintiff when they constantly made age related comments to Plaintiff. Further, in August 2018, while on leave, locks were cut off Plaintiff's lockers, his belongings were stolen and he was told to turn in his keys. In November 2018, Plaintiff was forced to retire.

133. Plaintiff is qualified for his job.

134. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

 /s/  Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
egilbert@edwardlgilbert.com