## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARK D. GARNETT, | ) | CASE NO. 5:19CV2864 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| AKRON CITY SCHOOL DISTRICT BOARD | ) | |
| OF EDUCATION, et al., | ) | |
| Defendants. | ) | |

This matter appears before the Court on Defendant' motion for summary judgment.  Doc. 72.  Plaintiff Mark Garnett has not opposed the motion. The motion for summary judgment is GRANTED.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Garnett alleges in his second amended complaint that he was the victim of racial discrimination, retaliation, disability discrimination, age discrimination.  Garnett also asserts that his due process rights were violated.  On May 27, 2022, Defendants, the Akron City School District Board of Education, Tara Bruce, Matt Frame, and Trevor Schromm, moved for summary judgment on each of the claims.  Doc. 72.  Garnett filed no opposition to the pending motion.

## II.   LEGAL STANDARD OF REVIEW

A party seeking summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A fact is material if it is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is

"genuine" requires consideration of the applicable evidentiary burdens. *Id.* At 252. Further, on summary judgment, the inferences to be drawn from underlying facts must be viewed "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The pivotal question in deciding a motion for summary judgment is whether a reasonable fact finder *could* make a finding in favor of either party. *See Anderson* 477 U.S. at 250 ("The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.").

The initial burden of showing the absence of any "genuine issue" belongs to the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury" or other fact-finder at trial. *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). A party opposing summary judgment must show that there are facts genuinely in dispute and must do so by citing to the record. Fed.R.Civ.P. 56(c)(1)(a).

> There is no duty imposed upon the trial court to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co*., 886 F.2d 1472, 1480 (6th Cir.1989). *See also InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989), cert. denied, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990) (district court not required to speculate on which portion of the record the non-moving party relies, nor is court obligated to "wade through" the record for specific facts). Dozens of other panels, many speaking in unpublished prisoner appeals, have dealt with the circumstance of a dispositive motion in want of a response and have consistently assumed without specific comment that a court's reliance on the facts advanced by the movant is proper and sufficient.

*Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992)

## III.    LEGAL ANALYSIS

In conducting its review of the matter, the Court has been mindful of the Sixth Circuit's position espoused in *Guarino*:

> While rejecting appellants' invitation, this court does not mean to imply that a trial court, as it reviews the evidence which is presented in circumstances such as these, may blithely accept the conclusions argued in the motion. The trial court must indeed intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party. The court, for example, must not overlook the possibility of evidentiary misstatements presented by the moving party, and cannot ignore the context within which evidence such as a deposition answer was given. Of course, outright misstatements are not to be tolerated. And, though evidence may be accurately quoted, context may challenge or defeat the assertion advanced by the movant, and reasonable inferences must be considered if apparent from the designated evidence and favorable to the non-moving party.

*Id.* at 407

Consistent with the above, the Court has carefully reviewed the legal arguments and evidence submitted by Defendants in support of their motion for summary judgment.  The motion demonstrates that Defendants are entitled to judgment on each and every claim asserted by Garnett. As a summary of those findings: Garnett's § 1983 claim for retaliation is precluded by law.  *See Russell v. Drabik*, 24 Fed.Appx. 408, 411 (6th Cir. 2001).  Garnett's Title VII and §1983 claims for racial discrimination fail because he was not subjected to an adverse employment action. Garnett's disability claims are precluded by his voluntary retirement.  Garnett's due process claim failed because he had adequate post-deprivation remedies that he chose not to pursue.  Defendants' motion has offered numerous additional legal arguments that also support judgment in their favor of each claim raised by Garnett.  The Court finds that those arguments are proper under the facts and Sixth Circuit precedent.  Accordingly, the motion has properly demonstrated that judgment is appropriate in favor of Defendants on each count in the second amended complaint.

**IV.     CONCLUSION**

Reviewing the facts in the light most favorable to Garnett, no genuine issue of dispute of material fact exists on any claim against Defendants. Therefore, Defendants are entitled to judgment as a matter of law, and their motion for summary judgment is GRANTED.

It is so ordered.

Date:   September 1, 2022                            _/s/ John R. Adams_
                                                JUDGE JOHN R. ADAMS
                                                UNITED STATES DISTRICT JUDGE