UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mark D. Garnett, | ) | CASE NO.: 5:19CV2864 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Akron Cit School District Board of Education, et al., | ) | (Resolving Docs. 75, 77, 82, 83) |
| | ) | |
| Defendants. | ) | |

This matter appears before the Court on a motion for relief pursuant to Fed.R. Civ.P. 60(B) filed by Plaintiff Mark D. Garnett through counsel. Doc. 75. Defendants have moved for leave to file an opposition to the motion, and that request is hereby GRANTED. Doc. 77. In addition, both counsel and Garnett, pro se, have moved for Garnett's counsel to be removed in this matter. Docs. 82, 83. Those motions are GRANTED. The Court has been advised, having reviewed the motion to vacate, its opposition, and the reply in support. For the reasons that follow, that motion is DENIED.

Under Rule 60(b), a motion to vacate may be granted only for certain specified reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

1

application; or 6) any other reason justifying relief from the operation of the judgment. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)(quoting Fed.R. Civ.P. 60(B)).

In support of his motion, Garnett's counsel contends that some form of technological error resulted in him never receiving notice of Defendants' motion for summary judgment (Doc. 72) and its accompanying filings (Docs. 66, 67, 68, 69, 70 and 71). Garnett's counsel offered an affidavit from his IT employee that indicated that a thorough search of his email did not reveal evidence that notice of these filings had been received. Garnett, however, conceded that he learned from District personnel that the system indicated that notices had been properly sent to his email.

Rule 60(b)(1) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). In order to be granted relief under Rule 60(b)(1), the moving party must demonstrate: "(1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious defense." *Marshall v. Monroe & Sons, Inc*., 615 F.2d 1156, 1160 (6th Cir.1980) (citations omitted). Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Couch v. Travelers Ins. Co*., 551 F.2d 958, 959 (5th Cir.1977)). The courts have defined "neglect" to include "'late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control.'" *Id*. at 386 (quoting *Pioneer Invest. Servs. Co. v. Brunswick Assocs*., 507 U.S. 380, 388 (1993)).

Although Rule 60(b)(1) does not define the term "excusable neglect," courts have determined the existence of excusable neglect by making an equitable determination based upon the following factors: "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Id*. (citing *Pioneer*, 507 U.S. at 395). However, where the district court granted summary judgment on the merits, rather than on procedural default, these factors are not controlling. *See id*., 250 F.3d at 386. "An attorney's inexcusable neglect is normally attributed to his client." *Allen v. Murph*, 194 F.3d 722, 723 (6th Cir. 1999) (citation omitted).

Garnett's motion fails for several reasons. First, Garnett has never offered a meritorious defense. Instead, Garnett seeks to have the Court's prior order granting summary judgment vacated without ever offering what his opposition would entail. For that reason alone, his motion could be denied.[1] However, the Court also finds that Garnett's counsel has failed to demonstrate excusable neglect.

On April 15, 2022, the Court resolved the parties' dispute regarding whether additional discovery was necessary prior to engaging in motion practice. Doc. 65. Garnett's counsel does not dispute receiving this filing. The Court's order set May 27, 2022 as the deadline for filing dispositive motions. Consistent with that order, Defendants filed their motion for summary judgment on May 27, 2022. The Court did not grant summary until September 8, 2022, 104 days after the motion was filed. In turn, counsel did not file his motion to vacate for another 18 days, submitting it on September 26, 2022. While counsel suggests that a requirement that he check the docket "on a daily

---

[1] The Court notes that it reviewed the law and evidence submitted by Defendants to ensure that judgment was legally correct prior to granting the motion for summary judgment.

basis" is "ridiculous," no argument has been made that would impost such a requirement. However, when counsel concedes knowledge of the dispositive motion deadline and then fails to review the docket for *more than three months*, the Court cannot find excusable neglect.[2]

Based upon the above, the motion to vacate is DENIED.

IT IS SO ORDERED.


Date:  January 18, 2023                                    /s/ *Judge John R. Adams*
                                                           JUDGE JOHN R. ADAMS
                                                           UNITED STATES DISTRICT COURT

---

[2] While counsel appears to also seek relief under 60(b)(6), the same factors detailed above require denial of his motion under this catchall provision as well.